RAWLINSON et al. v. BRAINARD & ARMSTRONG CO.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

INJUNCTION—REFERENCE—COSTS—ALLOWANCE.

    In an action to perpetually enjoin defendant from using plaintiffs' trademark, plaintiffs' contention was sustained, and a temporary injunction granted. The interlocutory judgment provided for a reference of the

question of damages, and that, on the confirmation of the referee's report, "judgment shall be entered for such amount as may be found due, besides the costs and disbursements of this action, together with an allowance in addition to costs, the amount thereof to be fixed by the court." Plaintiffs decided not to go to a reference on the question of damages, but moved for an extra allowance on affidavits, and their motion was denied. *Held*, that the entry of the judgment granting a conditional allowance did not exhaust the judge's power and discretion in the premises, and hence it was competent for him to deny plaintiffs' motion after they had elected not to go to a reference.

Appeal from special term, New York county.

Action by William George Rawlinson and Henry H. Hextall, composing the firm of Pearsall & Co., against the Brainard & Armstrong Company, to perpetually enjoin defendant from using plaintiffs' trademark. From an order denying plaintiffs' motion for an extra allowance in addition to costs, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Joseph Larocque, Jr., for appellants.
Henry B. Twombly, for respondent.

O'BRIEN, J. The action was brought to perpetually enjoin the defendant from in any way using the plaintiffs' trade-mark, "Filo Floss," and, incidentally, to recover damages for infringing the same. Upon the trial the plaintiffs' contention was sustained (59 N. Y. Supp. 880), and a decision was signed, and an interlocutory judgment entered, which enjoined the defendant from using the trade-mark, and referred the question of damages to a referee to take proof. The interlocutory judgment further provided "that, upon the incoming and confirmation of the said referee's report, a final judgment shall be entered against the defendant for such amount of money as it may be found that said plaintiffs are entitled to recover against the said defendant, besides the costs and disbursements of this action, together with an allowance in addition to costs, the amount thereof to be fixed by the court on the entry of final judgment." After the entry of the interlocutory judgment, the plaintiffs decided not to go to a reference on the question of damages, and to waive all claims thereto, but moved before the same justice who tried the case at special term for an extra allowance upon affidavits tending to show the value of their trade-mark rights. This motion was denied, and from the order denying the same the plaintiffs appeal.

The question herein argued, as to whether an allowance in cases of this character should be based upon the value of the trade-mark or the amount of damages awarded for the infringement, is purely academic in the case at bar, for two reasons: First, the trial justice did not determine whether it should be based upon the damages sustained or the value of the trade-mark; and, secondly, because he refused to grant any allowance. It is insisted, however, that the entry of the interlocutory judgment, which upon certain conditions awarded an extra allowance, exhausted the judge's power and discretion, and that all thereafter remaining for him to do was to fix the amount. The provision was that, upon the incoming of the

referee's report, the plaintiffs, in addition to costs, were to have an allowance, "the amount thereof to be fixed by the court." This language of the interlocutory judgment does not justify the construction put upon it that the court awarded an allowance absolutely and without conditions, but, rather, it is susceptible of the construction that it was for the labor, among other things, which plaintiffs might have before the referee in proving damages that the provision was inserted in regard to an extra allowance. The one best able to construe the interlocutory judgment was the justice who ordered it. When the plaintiffs elected not to proceed with the reference, it was competent for the court, as the conditions upon which the provision was made would not arise, to refuse, in its discretion, to grant any allowance. In other words, the trial justice had fixed the time when, and the conditions upon which, he would determine what allowance would be included in the final judgment. The right to determine its amount he properly reserved to himself, since it is doubtful if any other judge or court in an equity case may exercise the power. When the question was finally presented to him for determination, therefore, he had the right and power to grant or refuse the extra allowance. He retained the right to determine what amount he would ultimately grant, and, upon the election of the plaintiffs not to proceed with the reference, could refuse to give any allowance.

We do not think we would be justified in interfering with the discretion thus exercised, and for that reason the order appealed from should be affirmed, with $10 costs and disbursements. All concur.